UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JESSIE LEE ISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00446-JPH-MKK |
| | ) |
| NEW BEGINNINGS REALTY & | ) |
| PROPERTY MANG., | ) |
| MECHELLE PADGETT, | ) |
| JENNY JONES, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiff Jessie Ison filed a complaint alleging that Defendants fraudulently and negligently sold a mold-infested condominium to Plaintiff, and as a result Plaintiff suffered personal injuries from the mold. Dkt. 1. On September 30, 2024, the Court issued an order requiring Plaintiff to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. Dkt. 5 at 4. Plaintiff responded by filing various motions and submissions. Dkts. 6–16. However, Plaintiff has not alleged facts to show that this Court has subject-matter jurisdiction over the claim.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see*

*Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte.*").

The Court does not appear to have jurisdiction over Plaintiff's claims. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted). A federal court may only adjudicate state-law claims when there is also a properly brought federal-law claim. *See* 28 U.S.C. § 1367(a).

Plaintiff's complaint alleges federal-question jurisdiction, citing one federal statute, 18 U.S.C. § 2255, and various state-law statutes for fraudulent misrepresentation, negligence, and breach of contract. Dkt. 1 at 2 (citing Ind. Code § 25-34.1-10-16; § 26-1-2-721; § 35-43-6-12; § 3-21-5-11). In subsequent filings, Plaintiff cites numerous other federal antitrust, criminal, civil rights, and civil forfeiture statutes. *See* dkts. 6–13. Plaintiff also alleges a "bankruptcy conspiracy" because a "loan was approved then denied." Dkt. 15. But Plaintiff does not explain how the facts alleged in the complaint—personal

injuries stemming from the purchase of a condominium—relate to these statutes. Therefore, the Court does not appear to have federal-question jurisdiction over Plaintiff's claims.

Nor does the Court appear to have diversity jurisdiction over Plaintiff's state-law claims. This is because Plaintiff and all of the Defendants appear to be Indiana citizens. Dkt. 1 at 3–4 (listing Indiana addresses for all parties, except for two parties with an unknown address). None of Plaintiff's subsequent filings suggest that any parties are not Indiana citizens. And the defendants listed in Plaintiff's motion to amend defendants, dkt. 10, and motion to amend, dkt. 15, also all have Indiana addresses.

Therefore, the Court does not have subject-matter jurisdiction over Plaintiff's claim. The complaint is **DISMISSED without prejudice** to pursue in a state-court proceeding. Accordingly, the motions at dkts. [6], [7], [9], [10], [12], [13], [14], and [15] are **DENIED**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 10/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
JESSIE LEE ISON
223 Francis Ave Ct
Terre Haute, IN 47804